UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARTHUR BEATTY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 1:17-cv-02149-TWP-TAB |
| | ) |
| M. PERSON Dr., | ) |
| L. BERGESON Wexford, Medical Director, | ) |
| TINA COLLINS PN CIF, | ) |
| CORIZON HEALTH, | ) |
| WEXFORD MEDICAL OF INDIANA, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Filing Fee**

The plaintiff's motion for an extension of time, dkt [8], is **granted**. The plaintiff shall have **through August 22, 2017**, in which to file the initial partial filing fee of Two Dollars and Twenty Cents ($2.20).

**II. Standard of Review**

Plaintiff Arthur Beatty, Sr., is a prisoner currently incarcerated at the Correctional Industrial Facility ("CIF") in Pendleton, Indiana. Because Beatty is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints such as that filed by Beatty are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. The Complaint

Beatty has sued the individual medical care providers, Dr. Person, Medical Director L. Bergeson, and Nurse Tina Collins for the care they provided him while incarcerated at the Correctional Industrial Facility, an Indiana state prison. He has also sued Corizon Health ("Corizon") and Wexford Medical of Indiana ("Wexford"), the companies who have contracted with Indiana to provide medical care to state prisoners.

Specifically, the Beatty alleges that he has a severe foot/ankle injury and has received inadequate medical treatment since 2016. In particular, in November 2016, Dr. Person ordered an MRI, but while waiting 4-5 months for the MRI, Beatty was in unbearable pain. He was promised surgery, MRI, Cat Scans, and a bottom bunk pass, but nothing ever happened. During March 2017, the defendants refused to provide him any treatment. The defendants state that he will be scheduled for an appointment but that nothing ever happens.

Beatty alleges that Nurse Tina Collins is responsible for failing to schedule him for an emergency visit to see her for painkillers and ankle pain between September 5, 2016 and May 31, 2017.

Lisa Bergeson is allegedly liable to Beatty for falsely reporting that his grievance was considered resolved although no action was taken to provide him with medical care.

Dr. Person is allegedly responsible for not evaluating Beatty to determine the seriousness of his ankle pain.

Wexford and Corizon are allegedly responsible for failing to respond to the Beatty's complaints and for their failure to properly supervise/discipline its employees.

Beatty seeks money damages and injunctive relief.

### IV. Eighth Amendment

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

In this case, the most applicable provision is the Eighth Amendment. Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff

must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). "A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

## V. Discussion of Claims

The allegations in the complaint are sufficient to allege an Eighth Amendment claim against Corizon and Wexford for their alleged systemic failures in responding to the plaintiff's medical needs in a timely fashion. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017) (holding that the failure to make policy itself may be actionable conduct). Beatty has adequately alleged a policy or practice claim against these corporate defendants.

These facts (read liberally) are also sufficient to allege that Dr. M. Person, Medical Director L. Bergeson, and Nurse Tina Collins were deliberately indifferent to the Beaty's serious medical needs.

This summary of remaining claims includes all of the viable claims identified by the Court in the complaint. All other claims have been dismissed. If Beatty believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through August 22, 2017,** in which to identify those claims.

## VI. Service of Process

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Corizon Health, (2) Wexford Medical of Indiana, (3) Dr. M. Person, (4) L. Bergeson, Wexford

Medical Director, and (5) Nurse Tina Collins in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1) supplemental amended complaint (docket 7), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

    **IT IS SO ORDERED.**

Date: 7/26/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ARTHUR BEATTY, SR.
876231
CORRECTIONAL INDUSTRIAL
FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Jeb Adam Crandall
BLEEKE DILLON CRANDALL PC
8470 Allison Pointe Boulevard
Suite 420
Indianapolis, IN 46250

Douglass R. Bitner
CASSIDAY SCHADE LLP
111 N. 6th St.
Springfield, IL 62701

Corizon Health
103 Powell Court
Brentwood, TN  37027

Wexford Medical of Indiana
425 Holiday Dr Foster Plaza Two
Pittsburgh, PA  15220

Dr. M. Person
CORRECTIONAL INDUSTRIAL
FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

L. Bergeson, Wexford Medical Director
CORRECTIONAL INDUSTRIAL
FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Nurse Tina Collins
CORRECTIONAL INDUSTRIAL
FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064