UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARTHUR BEATTY, SR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:17-cv-02149-TWP-TAB |
| M. PERSON Dr., | ) |
| L. BERGESON Wexford, Medical Director, | ) |
| TINA COLLINS PN CIF, | ) |
| CORIZON HEALTH, | ) |
| WEXFORD MEDICAL OF INDIANA, | ) |
| Defendants. | ) |

**Entry Discussing Pending Motions**

**I. Plaintiff's Motion for Summary Judgment**

The plaintiff seeks partial summary judgment in his favor. Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The defendants have opposed this motion.

The plaintiff's motion for summary judgment seeking injunctive relief, dkt [30], is **denied without prejudice.** The reason for this ruling is that the defendants correctly point out that the pretrial schedule was entered less than a week before the plaintiff filed his motion. Under these circumstances the defendants are not able to properly support or refute the plaintiff's assertion of fact. Accordingly, the motion is denied without prejudice pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

## II. Motion to Compel and Motion to Strike

The plaintiff's motion to compel seeks an order to compel defendants to produce all of Dr. Person's handwritten notes, medical orders and medical notes related to the plaintiff. In particular, the plaintiff seeks production of Dr. Person's note ordering an MRI for the plaintiff which the plaintiff believes is located on Dr. Person's computer's H-drive.

In response, Dr. Person stated that his sworn interrogatory responses reflect that he did not order an MRI for the plaintiff because it was not medically indicated. He further produced all medical records related to the plaintiff's ankle injury.

Instead of filing a reply to Dr. Person's response, the plaintiff took the unusual step of seeking to strike Dr. Person's response. The motion to strike, dkt [37], is **denied**. The court has considered Dr. Person's response to the plaintiff's motion to compel.

After considering the parties' briefing on this issue, the motion to compel, dkt [35], is **denied** because there is nothing more to produce. The defendants represent that they have produced all medical records related to the plaintiff's ankle injury, which would encompass handwritten notes and MRI orders if they existed. The defendants cannot produce items that do not exist. The plaintiff insists that Dr. Person's type-written, computer statement that he ordered an MRI is being withheld, but that does not change the fact that the defendants have given him everything that currently exists.

**IT IS SO ORDERED.**

Date: 3/26/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ARTHUR BEATTY, SR.
876231
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com